**MORRIS et al. v. LOUISIANA ICE & UTILITIES, Inc.**

No. 4843.

District Court, W. D. Louisiana, Alexandria Division.

Feb. 8, 1933.

Miles & O'Brien, of Baltimore, Md., and Denegre, Leovy & Chaffe, of New Orleans, La., for petitioning creditors.

B. T. Dawkins (of Overton, Dawkins & McSween), of Alexandria, La., for receiver.

Fisher, Boyden, Bell, Boyd & Marshall, of Chicago, Ill., and T. Overton Brooks, of Shreveport, La., for Sullivan Machinery Co.

DAWKINS, District Judge.

On June 12, 1932, the defendant was placed in receivership in an equity proceeding in this court, wherein the St. Louis Union Trust Company filed a bill to foreclose a mortgage upon some of its property. It alleged that the defendant was insolvent and prayed for a general receiver as distinguished from one for the particular property mortgaged. The defendant appeared, admitted the allegations of the petition, and consented to the appointment of a receiver.

On October 11, 1932, Hugh M. Morris and others filed a petition in involuntary bankruptcy alleging as a ground the appointment of the receiver while the defendant was insolvent. The time for answering the bankruptcy petition was extended by the court beyond the period requested and agreed to by the receivers with counsel for the various parties, that is, the court thought it best not to require the filing of the answer until December 15th, although the extension agreed upon was fifteen days. A few days before December 15th, the St. Louis Union Trust Company appeared and requested a further extension until February 15, 1933, which was denied. (The court made the extension of approximately sixty days in the first instance in the hope that the secured and unsecured creditors might reach some solution of the corporation's difficulties without the necessity for bankruptcy, but at the hearing on the motion to extend the time to February 15, 1933,

was informed by counsel for both sides that nothing had been accomplished.)

On the 14th of December the Sullivan Machinery Company, alleging itself to be a creditor in the sum of $11.96, filed an answer, denying the insolvency and the commission of the act of bankruptcy. The receivers, after consulting with the court, filed an answer in effect submitting the issue to the court and not denying insolvency, for the reason that they could not swear the defendant was solvent in view of the conditions revealed by the record of the receivership.

Counsel for petitioning creditors have moved to strike the answer of the Sullivan Machinery Company as fictitious, vexatious, and a sham. At the hearing of this motion, and before proceeding with the trial thereof, counsel for petitioning creditors tendered in open court the sum of $20, in payment of the machinery company's claim, together with all costs incurred by it, which was rejected and the money ordered turned over to the clerk, to be held to await a ruling by this court.

Counsel for the machinery company are the same that represent the St. Louis Union Trust Company, while counsel for the petitioning creditors also represent one or more large ordinary creditors, whose claims have been stated as exceeding $2,000,000, and the controversy is in reality between these large interests. This was admitted by counsel on both sides in open court, after the trial of the present motion, but not officially put of record. The real trouble arises out of the fact that it will first be necessary to determine what property is covered by the trust deed or mortgage and to separate it from that which is unincumbered for the benefit of ordinary creditors, and the further fact, as contended by counsel for petitioning creditors in bankruptcy, that the holders of the bonds under the mortgage will be able to participate in the proceeds of the unincumbered property for the full amount of these bonds if the business is liquidated in the receivership, whereas in bankruptcy they would first have to apply and deduct therefrom what had been received from the securities before participating in the remainder of the estate along with ordinary creditors.

I do not think any one familiar with the status of this concern as revealed by the receivership proceedings, which I believe I am entitled to take notice of, can seriously contend that it is solvent. A trial upon the issue raised by this small creditor would entail great expense and delay, which could benefit no one. The petitioning creditors have offered to pay it in full without any right to reimbursement from the estate, and it cannot be prejudiced by ordering the money to be received and held for its benefit, which will be done. The whole picture demonstrates that its fight is being made as the alter ego of the St. Louis Union Trust Company, a secured creditor, although I think with the bona fide belief on the part of counsel that it has the legal right to do so.

The answer of the receivers is not sufficient to avoid adjudication. The company has not appeared, because its corporate structure is controlled by the major ordinary creditors, who are to benefit from the adjudication. Nevertheless, the rights of all parties can best be protected by a liquidation in the bankruptcy court, where it was intended insolvent estates should be administered in a manner to afford the greatest equity to all concerned.

My conclusion is that the answer of the Sullivan Machinery Company should be stricken, both for the reason that it will have been paid in full and will have no further interest, and further that the defense urged is not serious, cannot be sustained upon the record in the receivership proceedings, and would entail a useless expenditure of funds, which should be applied on the defendant's debts.

Proper decree, striking the said answer and adjudicating the defendant a bankrupt, should be presented.